# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 7058 | DATE | 12/19/2003 |
| CASE TITLE | Fortier vs. Winters | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order petition for writ of habeas corpus is denied. Case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 22 2003 date docketed | 43 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. Mailed by MD. | U.S. DISTRICT COURT CLERK | 12/19/2003 date mailed notice | |
| | Copy to judge/magistrate judge. | 03 DEC 19 AM 4:49 | | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. TODD FORTIER a/k/a AARON MCCROY (#N-51882), | ) ) ) ) | |
| Petitioner, | ) ) | DEC 2 2 2003 |
| vs. | ) ) ) | No. 00 C 7058 Judge Joan H. Lefkow |
| KEVIN L. WINTERS, Warden, Western Illinois Correctional Center | ) ) ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

In his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, petitioner Todd Fortier a/k/a Aaron McCroy ("Fortier") challenges his conviction for residential burglary entered in the Circuit Court of Cook County, Illinois. Fortier raises the following claims in his federal habeas petition: (1) his conviction was based on a standard of proof less than reasonable doubt; (2) his waiver of his right to confront and cross-examine the State's witnesses was ineffective; (3) his waiver of his right to a jury trial was ineffective; (4) his appellate counsel was ineffective; and (5) the trial court improperly applied an enhanced sentence. For the reasons stated below, the petition is denied in its entirety.

### HABEAS STANDARDS

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), this court must deny Fortier's petition for a writ of habeas corpus with respect to any claim adjudicated on the merits in the state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

43

Court of the United States." 28 U.S.C. § 2254(d); *Price* v. *Vincent*, __ U.S. __, 123 S. Ct. 1848, 1852 (2003). A state court's decision is contrary to clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [it]." *Williams* v. *Taylor*, 529 U.S. 362, 405 (2000)

A state court's decision is an unreasonable application of clearly established Supreme Court law "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of a particular prisoner's case" or "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* In order for a state court decision to be considered "unreasonable" under this standard it must be more than incorrect, it must lie "well outside the boundaries of permissible differences of opinion." *Hardaway* v. *Young*, 302 F.3d 757, 762 (7th Cir. 2002); *see also Schultz* v. *Page*, 313 F.3d 1010, 1015 (7th Cir. 2002) ("The state court decision is reasonable if it is minimally consistent with the facts and circumstances of the case.").

Before reviewing the state courts' decisions, however, the court must determine whether Fortier fairly presented his federal claims to the state courts, as any claim not presented to the state's highest court is deemed procedurally defaulted. *O'Sullivan* v. *Boerckel*, 526 U.S. 838, 844-45 (1999). Moreover, "[a] federal court will not review a question of federal law decided by a state court if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment." *Moore* v. *Bryant*, 295 F.3d 771, 774 (7th Cir. 2002). A federal court may not grant habeas relief on a defaulted

2

claim unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Anderson v. Cowen*, 227 F.3d 893, 899 (7th Cir. 2000).

## BACKGROUND

### A. Procedural History

Following a bench trial, Fortier was convicted of residential burglary in the Circuit Court of Cook County. He was sentenced to 15 years imprisonment as a Class X felony offender. After his conviction Fortier appealed to the Illinois Appellate Court, where he received appointed counsel from the Illinois Public Defender's Office. The Illinois Appellate Court affirmed Fortier's conviction but determined that the trial court should not have sentenced him as a Class X felony offender. Rather, the court determined that, based on his previous crimes of residential burglary and escape, the trial court should have sentenced him as a Class 1 offender, which has a sentence range of 4 to 15 years. (Resp't Ex. A at 5.) Therefore, the Illinois Appellate Court vacated Fortier's sentence and remanded his case for a new sentencing hearing. At the new sentencing hearing, the trial court sentenced Fortier to 15 years as a Class 1 offender.

Thereafter, Fortier appealed a second time to the Illinois Appellate Court. Although he received appointed counsel from the Illinois Public Defender's Office, counsel filed a motion to withdraw. On or about January 9, 1995, the Illinois Appellate Court granted the motion to withdraw and affirmed the conviction and sentence.

On or about July 1, 1994, Fortier filed a post-conviction petition under 725 ILCS 5/122-2 *et seq.*, which was dismissed on May 1, 1998. Fortier filed a notice of appeal. Thereafter, his counsel filed a motion to withdraw, which the Illinois Appellate Court granted and affirmed the

3

conviction and sentence on February 23, 1999. Fortier then filed a petition for leave to appeal, which the Illinois Supreme Court denied on or about October 6, 1999.

Fortier filed his habeas petition on November 7, 2000. On December 14, 2000, because Fortier did not file his habeas petition within the one-year statute of limitations under 28 U.S.C. § 2244(d)(1), the court ordered that he show cause why his petition should not be dismissed as untimely. On January 16, 2001, Fortier filed a response where he explained that the State's confiscation of his contact lenses, which corrects his degenerative cornea disorder, and its failure to respond to his grievances caused him to file his petition late. Subsequently, the court determined that Fortier created a rebuttable presumption under 28 U.S.C. § 2244(d)(1) such that state action may have prevented him from filing a timely petition. Respondent did not rebut this presumption and thus the court directed respondent to file an answer.

**B.  Facts**

When considering a habeas petition, this court must presume that the state courts' factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Todd* v. *Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). Fortier does not rebut the state courts' factual determinations and thus the facts below, a verbatim recitation of the facts from the Illinois Appellate Court's direct review of Fortier's conviction, are established:

> Following a bench trial in the circuit court of Cook County, defendant was convicted of residential burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19-3) and sentenced to 15 years imprisonment. . . .
>
> Peter Hawley testified that on August 9, 1989, he lived in a second-floor apartment located at 549 West Arlington Place in Chicago, Illinois. He left work at about 9 a.m., and when he returned at about 5:30 p.m. that day, he saw that the apartment had been ransacked. Several items were missing, including a television, a video cassette recorder, jewelry, cash, luggage and a leather jacket.

4

Hawley also owned a University of Iowa glass mug with money inside it and a baseball had been placed on top of the mug. The money was missing and the baseball was no longer on top of the glass mug. After he called the police, an evidence technician came to the apartment and dusted the area, including the glass mug for fingerprints. Hawley stated that he had never seen defendant before. He lived with a female companion at the time of the incident, and she may have allowed other people to enter the apartment without his knowledge. Hawley had only allowed the landlord to come into the apartment to make a repair. He did not give anyone permission to enter his apartment and remove his belongings.

The parties stipulated that if Arthur Oswald, a police evidence technician, were called to testify, he would state that on August 9, 1989, he went to apartment 211 at 549 West Arlington in Chicago, Illinois. He took photographs and dusted the area for fingerprints. He processed the fingerprints and delivered the evidence to the police crime laboratory for further investigation.

The parties also stipulated that if Steve Shafer, a police fingerprint examiner, were called to testify, he would state that he conducted an examination of the fingerprints in this case. He determined that the two fingerprints taken from the glass mug had 12 identical characteristics comparable to that of defendant. In his expert opinion, it would be impossible to determine when the fingerprints were placed on the glass mug.

Police detective Mark Reiter testified that on November 9, 1989, he arrested defendant. After being advised of his *Miranda* rights, defendant denied any involvement in the incident. Defendant claimed that he did not know Hawley and had never been to the apartment.

Robert Ellis testified that he had known defendant since 1982 and that defendant had performed work for him as a subcontractor in the construction industry. Defendant was involved in a construction project with him from August 7, 1989 until August 15, 1989. Ellis was present at the construction site from 6:30 a.m. until 9:30 p.m. every day. Ellis produced a sign-in sheet which noted that on August 9, 1989, defendant had arrived at 8:15 a.m. and had left at 4:00 p.m. Ellis also signed the sheet to show that he had made the proper inspections at the site that day.

At the sentencing hearing, the State did not produce certified copies of defendant's two previous convictions for Class 2 felonies in order to make him eligible to be sentenced as a Class X offender. However, the trial court sentenced defendant to 15 years imprisonment as a Class X offender.

(Resp't Ex. A, Appellate Court of Illinois, First Judicial District, Case No. 89 CR 26423, Order of July 20, 1992 at 1-3.)

## DISCUSSION

At the outset, Fortier concedes that claims (1), (2) and (4) are procedurally defaulted. Nevertheless, he argues that he overcomes these procedural defaults because he may demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. For the cause and prejudice exception, Fortier reiterates his ineffective assistance of appellate counsel claim. For the fundamental miscarriage of justice exception, Fortier reiterates his claim that the trial court applied a standard of proof lower than beyond a reasonable doubt.

Cause for procedural default may be demonstrated when "counsel's performance was so deficient as to violate the Sixth Amendment guarantee of effective assistance of counsel." *Morrison v. Duckworth*, 898 F.2d 1298, 1300 (7th Cir. 1990) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). In such cases, however, "principles of comity 'generally require[] that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Momient-El v. DeTella*, 118 F.3d 535, 541-42 (7th Cir. 1997) (bracket in original) (quoting *Murray*, 477 U.S. at 489). As the Supreme Court explained in *Murray*,

> The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, and that holds true whether an ineffectiveness claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

6

477 U.S. at 489; *see also, Momient-El,* 118 F.3d at 541-42 (in determining whether cause based on ineffectiveness assistance of counsel existed to overcome procedural default on claim for sentencing issue, noting that petitioner had to argue before the state court that the failure to raise this specific sentencing issue was ineffective assistance of counsel).

Fortier's claim of ineffective assistance of counsel rests mainly on his belief that counsel on his first direct appeal, Sally Swiss ("Swiss"), an attorney with the Illinois Public Defender's Office, operated under a conflict of interest. Although Fortier raised a claim of ineffective assistance of appellate counsel in his post-conviction petition, it did not concern Swiss' purported conflict of interest but rather claimed that she waived a "Summary reversal/pro forma" of his conviction. He raised the conflict of interest claim for the first time when he appealed the dismissal of his post-conviction petition. Fortier explains in his habeas petition that he was unaware of Swiss' alleged conflict of interest until that time. If that be accepted as true, Fortier has shown circumstances outside of his control which would excuse his failure to raise his ineffective assistance of counsel claim. Thus, the court will discuss Fortier's claim for ineffective assistance of counsel on the merits. This serves as both the analysis of his claim (4) and the analysis for whether he has shown cause to overcome the procedural defaults on claims (1) and (2).

### A. Claim (4): Ineffective Assistance of Counsel

Fortier alleges that Swiss, his counsel on his first direct appeal, provided ineffective assistance of counsel. Primarily, Fortier avers that Swiss, who was an attorney with the Illinois Public Defender's Office, operated under a conflict of interest where she failed to inform him that she was negotiating with the Illinois Attorney General's Office about possible employment during his direct appeal before the Illinois Appellate Court. Fortier also avers that Swiss began

7

to work there before his direct appeal was completed. In addition, as indicative of this conflict of interest, Fortier avers that Swiss colluded with the State to deny him a reversal of his conviction and his first appeal as of right. (Pet. at 6.)

The guarantees of effective assistance of counsel under *Strickland* v. *Washington*, 466 U.S. 668 (1984), apply to a first appeal. *See Evitts* v. *Lucey*, 469 U.S. 387, 396-97 (1985). A petitioner who claims ineffective assistance of appellate counsel based on a conflict of interest may proceed under *Strickland* v. *Washington*, 466 U.S. 668 (1984), by showing that his attorney had a potential conflict of interest and that the potential conflict of interest prejudiced his defense, or under *Cuyler* v. *Sullivan*, 446 U.S. 335 (1980), by showing that "'an actual conflict of interest adversely affected [his] lawyer's performance.'" *Stoia* v. *United States*, 22 F.3d 766, 770 (7th Cir. 1994) (quoting *Cuyler*, 446 U.S. at 348). Fortier contends that the court should apply *Cuyler* to his claim.

Every defendant has a constitutional right to "the assistance of an attorney unhindered by a conflict of interest." *Holloway* v. *Arkansas*, 435 U.S. 475, 483 n.5 (1978). "A defendant who shows a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief. . . . But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance of counsel." *Cuyler*, 446 U.S. at 349-50. An "actual conflict of interest" must be "more than a mere theoretical divison of loyalties." *United States* v. *Fuller*, 312 F.3d 287, 291 (7th Cir. 2002) (citing *Mickens* v. *Taylor*, 535 U.S. 162, 171 (2002)). Rather, it exists where the attorney "actively represents incompatible interests." *Fuller*, 312 F.3d at 291.

8

Fortier fails to show an actual conflict of interest. Besides his own assertions, he proffers no proof that Swiss was negotiating for employment, that she accepted employment during the pendency of his first direct appeal, or that she colluded with the Attorney General's Office. For this reason, Fortier's claim fails under *Cuyler*. Nevertheless, even if Fortier could somehow demonstrate an actual conflict, he cannot show it adversely affected Swiss' performance. As indicative of her purported conflict of interest, Fortier contends that Swiss failed to assert "summary reversal/pro forma" of his conviction and thus waived that claim. He apparently means to argue that Swiss' purported conflict caused her to raise the issue of being sentenced as a Class X Offender as a grounds for a new sentence but not as grounds for reversal of his conviction. Plainly, however, the issue concerning Fortier's treatment as a Class X offender had nothing to his conviction but rather went to his sentence. Swiss aptly demonstrated to the Illinois Appellate Court that the trial court improperly sentenced Fortier as a Class X offender and thus the Illinois Appellate Court reversed Fortier's sentence and remanded his case for a new sentence. For these reasons, Fortier does not demonstrate that Swiss operated under any actual conflict of interest that adversely affected her performance. The court denies Fortier's claim for ineffective assistance of counsel based on an actual conflict of interest.

Alternatively, Fortier is unable to show ineffective assistance of counsel under the stringent two-pronged test enunciated by the Supreme Court in *Strickland* v. *Washington*, 466 U.S. 668 (1984). *See Bell* v. *Cone*, 535 U.S. 685, 697-99 (2002) (determining that counsel's performance met the *Strickland* standard).[1] Under the *Strickland* standard, Fortier must show: "(1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced

---

[1] The court gleans from the petition that Fortier asserts that, even without the actual conflict of interest, Swiss failed to provide effective assistance because she waived a "summary reversal/pro forma" of his conviction. Thus, the court addresses Fortier's ineffective assistance of counsel claim under the *Strickland* test as well.

9

the defense." *Kubat* v. *Thieret*, 867 F.2d 351, 359 (7th Cir. 1989); *see also Williams*, 529 U.S. at 390-91. With respect to the first prong, this court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. As for the second prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If the court finds that Fortier fails to meet one prong, it need not consider the other. *See Brumley* v. *DeTella*, 83 F.3d 856, 861 (7th Cir. 1996) ("a habeas court may focus on either prong of this test, as the efficient dispatch of judicial business dictates").

Fortier apparently argues that, even without the purported conflict of interest, Swiss provided ineffective assistance because of her waiver of "summary reversal/pro forma" of his conviction. For the reasons discussed above, Fortier cannot show that Swiss' decision to argue that Fortier's sentence, and not his conviction, be vacated based on his sentence as a Class X offender shows deficient performance or prejudice under *Strickland*. Moreover, the record before the court demonstrates that Swiss provided competent representation. Fortier includes correspondence from Swiss in his filings before the court. His filings demonstrate that Swiss consulted with him regularly, explained the legal jargon, and advised Fortier about the possible adverse consequences if he appealed his sentence. (Pet. Exs. D and E, Letters from Swiss, dated May 8, 1992 and May 15, 1992.) Accordingly, Fortier cannot show ineffective assistance of counsel, and the court denies claim (4) on the merits.

**B.**    **Claims (1) and (2).**

As noted above, Fortier admits that these claims are procedurally defaulted. Fortier failed to show cause for the procedural default based on ineffective assistance of counsel, as

stated above in claim (4). Because he fails to show cause, the court need not consider whether there was any actual prejudice. *See Momient-El*, 188 F.3d at 542 n.7. However, Fortier may also overcome any procedural defaults on these claims by showing that the failure to consider them will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice exists if Fortier could bring forth "new and convincing evidence of his innocence by showing that it is more likely than not that no reasonable juror would convict him in light of the new evidence." *United States ex rel. Cloutier v. Mote*, No. 00 C 5476, 2003 WL 76867, at *9 (N.D. Ill. Jan. 8, 2003) (citing *Murray*, 477 U.S. at 488). Fortier fails to present any new and convincing evidence at all much less any that meets this standard. Indeed, his arguments for a fundamental miscarriage of justice instead merely rely on his claims for relief, including that the trial court did not apply a reasonable doubt standard. Accordingly, claims (1) and (2) are procedurally defaulted and no relief can be afforded.

C.   **Claim (3): Ineffective Jury Waiver**

Fortier asserts that he did not knowingly waive his right to a jury trial. On direct appeal, he presented this claim by arguing that the trial court did not inform him that he would be classified as a Class X offender upon conviction. The Illinois Appellate Court determined that the trial court should not have classified petitioner as a Class X offender on conviction of a Class 1 felony offense for residential burglary. Thus, the Illinois Appellate Court vacated Fortier's sentence and remanded the case for a new sentencing hearing for Fortier to be sentenced as a Class 1 offender.

Plainly, Fortier's contention here is without merit. Fortier can show no grounds for relief on this claim because he was sentenced as a Class 1 offender, exactly what the trial court explained to him he was eligible for when he waived his right to a jury trial. On direct appeal

11

the Illinois Appellate Court granted Fortier the relief he now requests because it concluded that he was not supposed to be classified as a Class X offender. Moreover, the court's review of his jury waiver suggests that it was knowingly made.[2] Thus, the court denies claim (3).

## D. Claim (5): The trial court imposed an improper enhanced sentence

Fortier claims that the trial court improperly imposed a 15-year sentence as retaliation for his rejection of the State's plea agreement and for exercising his right to trial and/or appeal. At Fortier's first sentencing hearing, the trial court treated him as a Class X offender and imposed a 15-year sentence, which was in the lower range of sentencing for Class X offenses. Thereafter, Fortier appealed his conviction and sentence. The Illinois Appellate Court determined that the trial court should have sentenced him as a Class 1 offender and thus vacated his sentence and remanded his case for a new sentencing hearing. At his second sentencing hearing, the trial

---

[2]The following is the transcript from Fortier's trial, where Fortier was represented by counsel:

The court: Mr. Fortier, I have in my hand a form entitled, jury waiver, appears to bear your signature. I show it to you, ask you if that is your signature?
Fortier: Yes.
The court: You are charged with residential burglary. Do you know what that is?
Fortier: Yes.
The court: If found guilty of that, you are subject to a Class 1 felony, for which, if you are convicted, you could receive a minimum of four, maximum of 15 years in the penitentiary. Also might receive, you are eligible up to four years probation. Do you understand?
Mr. Fortier: Yes.
The court: Do you know what a jury waiver is?
Mr. Fortier: Yes.
The court: Any person charged with a crime in the United States, that person has the right to have a jury determine whether or not he is innocent or guilty. Evidence would be presented to the jury.
After all evidence was in, I would direct the jury as to the–I would give the jury instruction on the law applicable to this type of charge. Then they would retire to the jury room, determine whether or not you are innocent or guilty.
By signing this, you are asking me not only to be the authority on the law which the law provides it should be, but also to listen to the facts, apply the facts to determine your innocence or guilty
Do you understand that?
Fortier: Yes.
The court: Is [that] what you wish to do?
Fortier: Yes.

12

court treated Fortier as a Class 1 offender and imposed a 15-year sentence, which is at the end of that sentencing range.

"In considering a petition for habeas relief, a federal court must defer to the prerogative of the state legislature to determine the sentences imposed for state crimes." *United States ex rel. Martin v. Pierce*, No. 01 C 7657, 2003 WL 76869, at *2 (N.D. Ill. Jan. 8, 2003) (citing *Rummel v. Estelle*, 445 U.S. 263, 275 (1980)). Generally, if the sentence imposed by the trial court falls within Illinois's established range, its severity is not sufficient grounds for relief on federal habeas review. *Henry v. Page*, 223 F.3d 477, 482 (7th Cir. 2000). "[C]hallenges to sentences within statutory limits, in the absence of evidence that the trial court lacked jurisdiction to impose it or that the conviction itself was unconstitutional, are simply not cognizable on habeas review." *United States ex. rel. King v. Chahill-Maching*, 169 F. Supp. 2d 849, 855 (N.D. Ill. 2001) (citing *United States v. Addonizio*, 442 U.S. 178, 186 (1979)).

Based on its review of the record, the court finds that Fortier's claim is non-cognizable on habeas review. The sentence was within the proscribed range. Further, Fortier failed to proffer, nor does this court find, evidence that the trial court lacked jurisdiction to impose the sentence or that the conviction itself was unconstitutional. For these reasons, the court denies claim (5).

## CONCLUSION

Wherefore, for the reasons stated above, the court concludes that Fortier is not entitled to relief. This case is terminated.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: December 19, 2003

13