## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

United States of America                      )
ex rel. TODD FORTIER a/k/a                     )
AARON MCCROY  (#N-51882),                      )
                                               )
      Petitioner,                          )
                                               )
      vs.                                  )    No. 00 C 7058
                                               )    Judge Joan H. Lefkow
KEVIN L. WINTERS,                              )
Warden,                                        )
Western Illinois Correctional Center           )
                                               )
      Respondent.                          )

## MEMORANDUM OPINION AND ORDER

Petitioner Todd Fortier a/k/a Aaron McCroy ("Fortier") filed a motion to stay habeas

corpus proceedings and objection to the admission of Sally A. Swiss's affidavit as evidence, and

motion for leave to proceed with discovery on November 29, 2004. The court denied his motion

in its Order of August 10, 2005. *See* Docket Number 66. Fortier filed the present motion for

rehearing and authentication and identification of records on August 23, 2005, which the court

construes to be a motion to reconsider its Order of August 10, 2005.

### I.    Background

Fortier was convicted of residential burglary in the Circuit Court of Cook County

following a bench trial that concluded in 1991. He was sentenced to 15 years in prison. Fortier's

Pet. for Writ of Habeas Corpus, Docket Number 1, at 2. Since that time, he has asserted various

claims regarding his conviction to several different courts, including the following 5 claims that

he raises in his federal habeas petition: (1) his conviction was based on a standard of proof less

than reasonable doubt; (2) his waiver of his right to confront and cross-examine the State's witnesses was ineffective; (3) his waiver of his right to a jury trial was ineffective; (4) his appellate counsel was ineffective; and (5) the trial court improperly applied an enhanced sentence.

Based in part on the procedural default of claims 1, 2, and 4, and on Fortier's failure to show that his appellate counsel was ineffective, this court denied Fortier's petition in its entirety on December 19, 2003. Mem. Op. And Order of Dec. 19, 2003, Docket Number 43. When Fortier appealed, the Seventh Circuit determined that "[t]he only claim that presents a potential constitutional issue is [Fortier's] allegation that his attorney, Sally Swiss, provided him ineffective assistance of counsel because she had a conflict of interest." *McCroy v. Winters*, No. 04-1289 at 1 (7th Cir. Aug. 3, 2004). Fortier then filed his November 29, 2004 motion to stay habeas corpus proceedings and objection to the admission of Sally A. Swiss's affidavit as evidence, and motion for leave to proceed with discovery.

2.    **Standard for Reconsideration**

A motion for reconsideration serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence, and whether to grant such a motion is within the discretion of the court. *Caisse Nationale Credit Agricole* v. *CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). The problems that warrant a grant of such a motion are rare. *Bank of Waunakee* v. *Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion for reconsideration also serves a valuable function where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."

*Bank of Waunakee* 906 F.2d at 1191 (quotation omitted). Reconsideration is not for rehashing previously rejected arguments. *Caisse* at 1270.

3. **Fortier's Request to Reconsider the Court's Denial of his Motion to Stay**

It is common for a federal habeas petitioner with unfinished business in state court to file a federal habeas petition and then seek a stay of that petition for the duration of his state court actions. *U.S.* v. *Schomig*, 2002 WL 519749, at \*1 (N.D. Ill. April 5, 2002). The federal court has discretion to grant such a stay or, alternatively, to deny it and review the petition while the state case is still pending. *Id.* at \*2 (citing 28 U.S.C. 2254(b)(2); *U.S. ex rel. Williams* v. *Gilmore*, 104 F. Supp. 2d 931, 931 (N.D. Ill. 2000)). In both his November 29, 2004 motion and his current motion, Fortier bases his argument for a stay on an attempt to return to the state courts to complete the exhaustion of one of his claims: his claim that he was convicted using a standard of proof below reasonable doubt. In the court's Order of August 10, 2005, it explained the reasons why this claim would be untimely and barred by *res judicata* in Illinois courts, and exercised its discretion to deny the stay.

Fortier now argues that the court was mistaken in interpreting the law. He relies on one of the cases that the court cited, *People* v. *Flores*, 606 N.E.2d 1078, 1085, 153 Ill. 2d 264, 278 (Ill. 1992), for the proposition that "where a petitioner, in a second or subsequent post-conviction petition, raises a meritorious sixth amendment claim, considerations of finality provide an insufficient basis for the courts to compromise the constitutional protections afforded a post-conviction petitioner under the Act and are, necessarily, overridden. Moreover, where a defaulted claim stems from the incompetency of appellate counsel and results in prejudice to the defendant, there can be no doubt that the proceeding on the first petition was deficient in a

fundamental way." Fortier overlooks a key qualification of this proposition. Later in *Flores*, the court makes clear that a defendant may file a second or subsequent post-conviction petition raising claims of ineffective assistance of appellate counsel *only* where those claims could not have been raised in a prior post-trial proceeding. *Flores*, 606 N.E.2d at 1086. Because Fortier could have raised this issue in a prior post-trial proceeding, and did in fact raise it in his first appeal from his conviction, *Flores* does not provide him with an exception to his timeliness and *res judicata* issues.

Fortier next argues that the respondent waived the procedural default defense. The court has rejected this argument several times. In its Order of March 20, 2003, the court said that it "agrees with petitioner that respondent addresses for the first time petitioner's argument that he overcomes his procedural default on his claim that the state failed to prove he was guilty beyond a reasonable doubt [in the respondent's surreply]." Order of March 20, 2003, Docket Number 37, at 2. The court said that it would "not find this to constitute a waiver by the respondent under § 2254(b)(3), particularly given that respondent subsequently filed a surreply to these arguments." *Id.* The court found this claim to be procedurally defaulted in its Order of Dec. 19, 2003, and reviewed that reasoning in its Order of August 10, 2005. *See* Docket Number 43; Docket Number 66. Fortier has not shown that the court made a manifest error, and he makes no new arguments for why the state waived procedural default.

Fortier also argues that the court erred by making factual findings that are not fairly supported by the record. As an example, Fortier says that the court was mistaken when it found that he had previously presented his claim that his conviction was secured by the use of a standard of proof below that of reasonable doubt, and that he failed to appeal that claim to the Illinois Supreme Court when he had the opportunity. The court did not make an error of fact

here. Fortier raised this claim in his first appeal from his conviction, as noted in the opinion of the Appellate Court of Illinois: "Following a bench trial in the circuit court of Cook County, defendant was convicted of residential burglary and sentenced to 15 years imprisonment. Defendant raises these issues on appeal: (1) the State failed to prove him guilty beyond a reasonable doubt..." *People v. Fortier*, No 89-CR-26423, at 1 (Ill. App. Ct. July 20, 1992). The appellate court went on to undertake an independent analysis of the evidence, and concluded that it was sufficient to conclude that Fortier was guilty beyond a reasonable doubt. *Id.* at 4.

Furthermore, this issue may be moot based on the current facts. The court can see in the table at 852 N.E.2d 243 that a petition for leave to appeal to the Illinois Supreme Court in Fortier's Case No. 1-04-3577 was recently denied. The court does not have access to any additional information concerning the basis of the decision, and therefore presumes that it was denied on the basis of untimeliness or *res judicata*, in accordance with the court's assessment of Fortier's claims. Because Fortier's attempts to argue that the court made errors of law and fact regarding this claim all fail, and he makes no new arguments to support his claims, his motion to reconsider the court's denial of a stay is denied.

4.  **Fortier's Request to Reconsider his Objection to the Admission of Sally A. Swiss's Affidavit into Evidence and the Denial of his Motion for Leave to Proceed with Discovery**

Fortier essentially has two arguments regarding his ineffective assistance of counsel claim, which he uses to dispute the admissibility of Ms. Swiss's affidavit and to support his entitlement to discovery. These are the same two arguments that Fortier has made several times before, albeit with more verbiage: (1) Swiss's affidavit is incomplete and evasive because she does not provide details regarding her job history between 1992 and 1995, and (2) she prejudiced

him in his appeal by allegedly not raising and by "purposefully concealing" the claim that he was convicted using a standard of proof below reasonable doubt. Fortier's Resp. to Resp't's Answer, Docket Number 32, at 5; Fortier's Mot. to Stay Habeas Corpus Proceedings, Docket Number 61, at 1-2; Fortier's Mot. for Reh'g, Docket Number 67, at paragraphs 21, 27.

Swiss represented Fortier in his first appeal to the Appellate Court of Illinois, which was decided on July 20, 2002. Her affidavit says that she worked as an appellate defender for the Office of the State Appellate Defender until July 31, 2002. Fortier apparently believes that she was negotiating with the Illinois Attorney General's office while also representing him on appeal, resulting in her providing him with ineffective assistance of counsel. He has provided, however, no evidence of that beyond his incorrect assertion, discussed below, that she refused to bring a constitutional claim on his behalf and that a conflict of interest must have been her reason.

Swiss's affidavit is directly relevant to his claim and is admissible. It explains that Swiss took a job with the Illinois Attorney General in 1995, years after she was finished representing Fortier. It also states that at no time during her negotiations with the Illinois Attorney General did she discuss any past clients or any of her work performed on cases during her tenure with the Office of the State Appellate Defender from 1990-1992. Fortier complains, as he has in his previous filings, that Swiss's affidavit is incomplete or evasive due to the absence of discussion of her job history between July 31, 1992 and 1995.

Fortier also renews his request for discovery on his ineffective assistance of counsel claim. As the "foundation" of that claim, he relies on his assertion that Swiss "concealed and refused to raise the constitutional violation that his conviction was secure[d] by the use of a standard of proof other than proof beyond a reasonable doubt and... a possible conflict may have been the reason." Fortier's Mot. for Reh'g, at 7. Despite Fortier's vague assertions that the

record is being misconstrued and that the respondent is misleading the court about the state court procedural history, it is plain from Fortier's own submissions that Swiss *did* in fact raise the standard of proof claim in his first appeal. *People v. Fortier*, No 89-CR-26423, at 1 (Ill. App. Ct. July 20, 1992); *see also* Letter from Swiss to Fortier dated May 8, 2002, Ex. D to Fortier's Pet. for Habeas Corpus of Nov. 7, 2000 ("I received your letter. I have filed a reply brief arguing the reasonable doubt issue in a manner similar to what you have suggested in your letter.").

In the interest of moving this case to resolution, the court will order the attorney general to supplement Swiss's affidavit with additional information about her job history, including specific details regarding when she applied to and negotiated with the attorney general's office for employment and what she did during the 1992-1995 time frame. Fortier's request to reconsider his objection to the admission of Swiss's affidavit is denied without prejudice, as is his motion to reconsider his request for leave to proceed with discovery, with the exception of the additional information that the attorney general is now ordered to provide.

5.     **Fortier's Motion for Authentication and Identification of Records**

Fortier makes several general assertions that the respondent is attempting to mislead the court regarding the procedural history of the case and to provide the court with false documents. He claims that the court used a "completely different Illinois state court procedural history" when issuing its Order of August 10, 2005. Fortier's Mot. for Reh'g, Docket Number 67, at 3. Fortier has made such general accusations before. *See, e.g.*, Fortier's Resp. to Resp't's Answer to Pet. For Writ of Habeas Corpus, Docket Number 32, at 2 ("the Respondent due to ignorance of the factual basis of the claims presented in Petitioner's Habeas or a diliberate (*sic*) attempt to mislead this Honorable Court, has mistated (*sic*) the procedural history of this case, the claims and the

factual basis underlying them"). The court has undertaken a review of the record, including Fortier's own filings that include documents from the state court proceedings, and has found no discrepancies. Fortier's motion for authentication and identification of records is denied.

6.    **Order**

For the reasons stated above, Fortier's motion to reconsider the court's denial of his motion for a stay [Docket Number 67] is denied; his motion for authentication and identification of records [# 67] is denied; his motion to reconsider his objection to the admission of Swiss's affidavit into evidence [# 67] is denied without prejudice; and his motion to reconsider his request for leave to proceed with discovery [# 67] is denied without prejudice with the exception that the attorney general is ordered to supplement the affidavit of Sally Swiss within 30 days in accordance with the above outlined instructions. If the supplemented affidavit shows good cause for allowing additional discovery, Fortier is directed to file a motion to that effect including specific, narrowly targeted discovery requests within 45 days of his receipt of the affidavit. Otherwise, the court will consider the case to be ready for final disposition.

Dated: September 26, 2006                    ENTER: _Joan H. Lefkow_

                                                                 JOAN HUMPHREY LEFKOW
                                                                 United States District Judge