UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ) | |
| ex rel. TODD FORTIER a/k/a ) | |
| AARON MCCROY (#N-51882), ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 00 C 7058 |
| ) | Judge Joan H. Lefkow |
| KEVIN L. WINTERS, ) | |
| Warden, Western Illinois Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Todd Fortier a/k/a Aaron McCroy ("Fortier") was convicted of residential burglary in the Circuit Court of Cook County in 1990 (more than 16 years ago).[1] Fortier's Pet. for Writ of Habeas Corpus [# 1], at 21. Since then he has filed, *inter alia*, two direct appeals of his case in the Illinois appellate courts, two petitions for post-conviction relief in the Illinois circuit courts, two appeals of those petitions, two petitions for leave to appeal in the Illinois Supreme Court, and the instant petition for habeas corpus, which has involved an appeal to the Seventh Circuit [# 45, 58], a petition for a writ of mandamus [# 72, 73], and most recently, a complaint of judicial misconduct to the Judicial Council of the Seventh Circuit. Fortier now seeks, among other things, permission to amend his habeas petition to reallege claims that he claims to have recently exhausted in state court, discovery, and a stay of this case based on his complaint of

---

[1] Fortier was sentenced to 15 years' imprisonment, but is still in custody serving a 25 year consecutive sentence that was imposed in a different case. Fortier's Pet. [#1], at 9.

1

judicial misconduct. Mot. Amend; Mot. Reconsider; Mot. Leave; Mot. Stay [# 76, 77, 81, 82].

Fortier raised five claims in his habeas petition, which was filed on November 7, 2000: (1) his conviction was based on a standard of proof less than reasonable doubt; (2) his waiver of his right to confront and cross-examine the State's witnesses was ineffective; (3) his waiver of his right to a jury trial was ineffective; (4) his appellate counsel was ineffective; and (5) the trial court improperly applied an enhanced sentence. Fortier's Pet. [# 1]. Based in part on the procedural default of claims (1) and (2) and on Fortier's failure to show that his appellate counsel was ineffective, this court denied Fortier's petition in its entirety on December 19, 2003. Mem. Op. and Order of Dec. 19, 2003 [# 43]. When Fortier appealed, the Seventh Circuit determined that "[t]he only claim that presents a potential constitutional issue is [Fortier's] allegation that his attorney, Sally Swiss, provided him ineffective assistance of counsel because she had a conflict of interest," and vacated and remanded the case for additional proceedings consistent with its order. *McCroy v. Winters*, No. 04-1289, at 1 (7th Cir. Aug. 3, 2004) [# 58].

While his appeal was pending, Fortier returned to the Illinois state courts in a belated effort to exhaust his reasonable doubt claim (claim (1)) and to develop his ineffective assistance of counsel claim (claim (4)) by filing a new petition for post-conviction relief. Mot. Stay [# 61]. He asked this court to stay his habeas proceedings and wait for him to exhaust his claims. *Id.* He also asked for discovery on his conflict of interest claim from his former attorney, Sally Swiss, but objected to the admission of an affidavit that the government submitted from Swiss because he argued that it was incomplete and evasive. *Id.* In an order dated August 10, 2005, this court denied Fortier's requests. Order of Aug. 10, 2005 [# 66]. He asked for reconsideration. Mot. Reconsider [# 67]. When another order was not immediately forthcoming, Fortier filed a petition

for a writ of mandamus, which was immediately denied. Seventh Circuit Order of Aug. 10, 2006 [# 72, 73]. On September 26, 2006, this court again denied Fortier's request for a stay and his requests for discovery, but in an effort to move the case to resolution, did order the attorney general to supplement Swiss's affidavit. Mem. Op. and Order of Sept. 26, 2006 [# 75].

Fortier has now moved to reconsider again and asked for permission to amend his habeas petition to include his allegedly newly exhausted constitutional claims. Mot. Amend; Mot. Reconsider [# 76, 77]. The government submitted a supplemental affidavit from Swiss on October 26, 2006. Mot. Submit Affidavits [# 78]. On December 12, 2006, Fortier objected to the admission of Swiss's supplemental affidavit, asked for permission to conduct discovery for the fourth time, requested a stay based on his filing of a complaint of judicial misconduct on the part of this court with the Judicial Council of the Seventh Circuit, asked for leave to submit a complete Illinois Appellate Court opinion, and moved for clarification of the status of the motions that were filed on October 13, 2006. Mot. Stay, etc. [# 81, 82, 83 84, 85].[2] For the reasons that follow, Fortier's motion to submit a complete opinion [# 83] and his motion for clarification [# 85] are granted. The rest of his motions [# 76, 77, 81, 82, 84] are denied.

1. Fortier's Motion to Stay These Proceedings During the Pendency of his Complaint of Judicial Misconduct

Fortier has recently filed a Complaint of Judicial Misconduct regarding this court with the Judicial Council of the Seventh Circuit. Pursuant to Rule 3(a) of the Rules of the Judicial

---

[2] This opinion will address Fortier's various pending motions, and to that extent his motion for clarification of the status of motions [# 85] is effectively granted, despite the impropriety of his demands for prompt service.

3

Council Governing Complaints of Judicial Misconduct or Disability,[3] the court has received a copy of his complaint. Fortier now moves for a stay of proceedings on his habeas petition until the Seventh Circuit has ruled on his complaint [# 81].

The mere filing of a complaint of judicial misconduct is insufficient to require a judge to step down from further handling of a case. *In re Mann*, 229 F.3d 657, 658-59 (7th Cir. 2000); *see also Flemming v. City of New York*, 2006 WL 898081, at *6 (E.D.N.Y. March 31, 2006) (granting a motion to dismiss a plaintiff's claims during the pendency of the plaintiff's complaint of judicial misconduct with the Second Circuit). The Seventh Circuit found in *Mann* that the "[plaintiff] ha[d] not cited any rule or decision supporting the sweeping idea that a judge must automatically disqualify herself from a lawsuit simply because a disgruntled litigant currently alleges (or has previously alleged) judicial misconduct. Indeed, if that were the rule, litigants displeased with Judge A's adverse rulings could easily manipulate the system by filing a misconduct complaint, thereby disqualifying Judge A from hearing the case, in the hopes that the case would then be assigned to Judge B who might be more sympathetic to their cause. 'Judge shopping' is not a practice that should be encouraged." 229 F.3d at 658-59.

The *Mann* reasoning applies equally here, despite the fact that Fortier seeks a stay instead of recusal. The allegations of Fortier's complaint consist mainly of his dissatisfaction with the promptness of this court's service, his perception that this court has not followed the directions of the Seventh Circuit, and his allegations that this court has conducted discovery in a manner inconsistent with Rule 6 of the Rules governing § 2254 cases. The court has carefully reviewed

---

[3] *Available at* http://www.ca7.uscourts.gov/Rules/compla.pdf (last visited Jan. 8, 2007).

these allegations and determined that they do not warrant a stay in this case pending a decision from the Seventh Circuit. Therefore, Fortier's motion for a stay [# 81] is denied.

2. Fortier's Motion to Reconsider the Order of 9/26/06 and Motion for Leave to Amend his Habeas Petition

On December 19, 2003, the court denied Fortier's habeas petition in part due to his procedural default of claims (1) and (2). Mem. Op. And Order [# 43]. In response, Fortier returned to Illinois state court to make a belated attempt to exhaust claim (1) (that his conviction was based on a standard of proof below reasonable doubt). Mot. Stay [#61]. He moved for a stay of these proceedings while his new state court case was pending, which was denied on August 10, 2005 and also on September 26, 2006.

Fortier's new petition for post-conviction relief was summarily dismissed by the Illinois circuit court as frivolous and patently without merit. *People v. Fortier*, No. 89-Cr-26423, slip op. At 1 (Ill. App. Ct. Feb. 15, 2006) [# 83]. The Illinois Appellate Court affirmed the circuit court's dismissal, finding that Fortier's allegations of ineffective assistance of counsel could not excuse his failure to pursue the reasonable doubt claim in his direct appeals or in his first petition for post-conviction relief. *Id.* at 6-9.[4] It also noted that "[i]n addition, we find no merit in [Fortier's] claim that the trial court shifted the burden of proof to [Fortier] or applied an unconstitutional standard of proof." *Id.* at 8. The Illinois Supreme Court denied Fortier's petition for leave to appeal. *People v. Fortier*, 852 N.E.2d 243, 219 Ill. 2d 576 (Table) (Ill. 2006).

---

[4] Fortier's motion for leave to submit a complete Illinois Appellate Court opinion [# 83] is granted.

Fortier now argues that the Illinois Appellate Court's opinion shows that his claim was considered on the merits by the Illinois courts and that it is now properly exhausted, and that therefore this court was wrong in its September 26, 2006 decision when it assumed that any attempt to return to the Illinois court would be untimely and barred by *res judicata*. Mot. Reconsider, at 4 [# 77]. On this basis he asks for permission to amend his habeas petition to reallege claim (1) and to clarify his claim (4) regarding ineffective assistance of counsel. Mot Amend; Mot. Reconsider [# 76, 77.]

The Illinois Appellate Court's opinion confirmed this court's assumption that Fortier's attempt to return to the Illinois courts to reallege his claim that he was convicted using a standard of proof below reasonable doubt was futile because he waived the claim by not pursuing it in his earlier state court filings and because it is barred by *res judicata*. *See* Order of August 10, 2005 [# 66]; Mem. Op. and Order of Sept. 26, 2006 [# 75], at 5. The Illinois Appellate Court's prudence in providing an alternative basis for its decision (that Fortier's claim is meritless) cannot rescue Fortier from his procedural default. Fortier has not shown that this court made a manifest error of law or fact in finding that Fortier's claim was procedurally defaulted, as he must in order to support his motion to reconsider. *See Caisse Nationale Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). Therefore, Fortier's motion for reconsideration of the court's order of September 26, 2006 [# 77] is denied. His claim (1) that he was convicted using a standard of proof below reasonable doubt is denied (again).

Furthermore, any new habeas claim that Fortier was convicted using a standard of proof below reasonable doubt would be time-barred based on 28 U.S.C. § 2244(d)(1)(A) (a one year period of limitation for filing petitions for habeas corpus begins to run on the date on which the

petitioner's conviction became final by the conclusion of direct review or the expiration of time for seeking such review). 28 U.S.C. § 2244(d)(2) excludes the time during which a properly filed application for state post-conviction is pending. In Fortier's case, his second direct appeal of his conviction was decided on January 9, 1995 and his first petition for post-conviction relief was finally disposed of on October 6, 1999, when the Illinois Supreme Court denied leave to appeal. Fortier's Pet. [#1]. Fortier's new petition for post-conviction relief, filed in 2004, can not excuse his delay because § 2244(d)(2) applies only to "properly filed" applications for State post-conviction relief, and Fortier's new petition for post-conviction relief was not properly filed. Therefore, it has been over seven years since the clock began to run on Fortier's reasonable doubt claim. For all of these reasons, justice does not require that Fortier be allowed to amend his habeas petition and his motion to do so [# 76] is denied.

3. Fortier's Objection to the Admission of the Swiss Affidavits

Fortier's fourth claim for relief, ineffective assistance of counsel, is based primarily on his contention that his attorney on his first direct appeal (in 1992), Sally A. Swiss, operated under a conflict of interest when she failed to inform him that she was negotiating for employment with the Illinois Attorney General's office at the same time that she represented him. Fortier's Pet. [#1], at 28. He infers from the fact that Swiss later went to work for the Illinois Attorney General's office and from the decisions that she made about how to argue his appeal that she must have had a conflict of interest and that she was in collusion with the prosecutor. *Id.*, at 6-11, 24-32. As the court stated in its December 19, 2003 memorandum opinion, the decisions that Swiss made in representing Fortier do not support an inference that she had a conflict of interest;

7

the record indicates that she provided Fortier with competent advice. Mem. Op. And Order of Dec. 19, 2003, at 7-10 [# 43].

The Seventh Circuit found that because it was not clear when Swiss began working for the attorney general's office, and whether she was in fact negotiating with the that office while representing Fortier, that it was premature to resolve the conflict claim. Seventh Circuit Order, at 2 [# 58]. Since that time, affidavits solicited by the court have shown that Swiss did not have a conflict of interest when she represented Fortier. Based on her affidavit of August 23, 2004, and her supplemental affidavit of October 13, 2006, Swiss was not negotiating with the attorney general's office (or any other prospective employer) when she represented Fortier and filed briefs on his behalf. *See* Affidavits of S. Swiss [# 59 Ex. 1, # 78 Ex. 2]. She left her position at the State Appellate Defender's office to be a judicial law clerk after receiving an offer to do so in June or July of 1992, which was after the briefs that she wrote for Fortier were submitted. Supplemental Affidavit of S. Swiss, at ¶¶ 2, 3 [# 78-2]. Swiss did work for the Illinois Attorney General's office, but did not begin there until 1995, nor did she explore opportunities with that office until 1995. *Id.* at ¶ 6. Swiss's affidavits are corroborated by an affidavit from the Director of Human Resources from the Illinois Attorney General's office, Laura K. Mehan, who reviewed documents in Swiss's personnel file. Affidavit of L. Mehan [# 78 Ex. 3].

Fortier objects to the admission of Swiss's supplemental affidavit because he does not appreciate the fact that the court has limited his discovery.[5] Fortier's objection to the submission

---

[5] In his motion to reconsider, which was filed before Swiss's Supplemental Affidavit was submitted, Fortier renewed his objection to the admission of Swiss's original affidavit. Mot. Reconsider [# 77], at 4-5. That objection was based on Fortier's argument that Swiss's original affidavit was incomplete, and is now moot in light of the addition of her supplemental affidavit.

8

of affidavits into evidence [#84], at ¶ 15. He requests leave to proceed with discovery from Swiss and has submitted proposed interrogatories and requests for admission. Mot. leave [# 82].

Swiss's supplemental affidavit is directly relevant to Fortier's ineffective assistance of counsel claim. It addresses all of his complaints that her first affidavit was evasive or incomplete, answers all of his questions about her employment history, and is competent evidence that she did not have a conflict of interest when she represented him. It is admissible and Fortier's objection to it [# 84] is denied. Furthermore, because Fortier has no other evidence (other than his unsupported inferences) that Swiss had a conflict of interest when she represented him, he has not shown good cause to be entitled to discovery under Rule 6(a) of the Rules governing § 2254 cases. *Hubanks v. Frank*, 392 F.3d 926, 934 (7th Cir. 2004); *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). Therefore, Fortier's request for leave to proceed with discovery [# 82] is denied.[6] Additionally, his claim (4) of ineffective assistance of counsel is again denied.

4. Conclusion

For the foregoing reasons, Fortier's motion for clarification of status of Motions [# 85] is granted, his motion for leave to submit a complete Illinois Appellate Court opinion [# 83] is granted, his motion for leave to file an amended habeas corpus petition [# 76] is denied, his motion for reconsideration of the court's opinion of September 26, 2006 [# 77] is denied, his

---

[6] Incidentally, Fortier's proposed interrogatories and requests for admission consist almost entirely of objectionable requests. For example, interrogatory number twelve asks Swiss to "...[i]dentify and state in full the Illinois Procedural Rules concerning when and under what circumstances a litiga[nt] is entitled to a reversal/pro-forma." Mot. Leave [# 82], at Ex. 1, ¶ 12.

motion to stay [# 81] is denied, his motion for leave to proceed with discovery [# 82] is denied, and his objection to the submission of affidavits into evidence [# 84] is denied. Because all of Fortier's claims for habeas relief have now been denied, the court concludes that Fortier is not entitled to habeas relief. This case is terminated. To the extent that Fortier seeks a certificate of appealability, that too is denied, because reasonable jurists could not debate whether this habeas petition should have been resolved in a different manner and the issues raised do not deserve encouragement to proceed further. *U.S. ex rel. Burress v. Weger*, 2006 WL 3409160, at *1 (N.D. Ill. Nov. 21, 2006) (citing 28 U.S.C. § 2253(c); *Slack v. McDonnell*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983))).

Dated: January 9, 2007   ENTER: *Joan Humphrey Lefkow*
JOAN HUMPHREY LEFKOW
United States District Judge